# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Gordon's Landfill, LLC                                    Civil Action No. 16-00624

versus                                                          Judge Dee D. Drell

BFI Waste Services, LLC                    Magistrate Judge Carol B. Whitehurst


## REPORT AND RECOMMENDATION

Currently pending before the Court is a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by defendant BFI Waste Services, LLC ("BFI") [Rec. Doc. 9], a Memorandum in Opposition filed by Gordon's Landfill, LLC ("Gordon's") [Rec. Doc. 11] and BFI's Reply thereto [Rec. Doc. 15]. For the reasons that follow, the Court will recommend that BFI's Motion be DENIED.

### I. Factual and Procedural Background

This action for breach of contract arises out of BFI's alleged failure to pay waste disposal fees to Gordon's. The Petition provides that on June 1, 2012, Gordon's and BFI d/b/a Republic (sometimes referred to as "Republic") entered into a "Republic Services - Waste Disposal Procurement Agreement" (the "Agreement"), a copy of which is attached to the Petition. *R. 1, Exh. A, Agreement*. Page one of the Agreement provides: (1) a term of  ten (10) years; (2) for disposal of "C/D" waste (construction and demolition waste); (3) at a disposal fee of $3.50 per yard; (4)

invoicing on a weekly basis; (5) payments due within 45 days after receipt of invoice; (5) the "estimated volume" to be disposed of – 3000 yards per month; and (6) a "Maximum Volume" of – "N/A." *Id.*, *p. 1*.

Page 2, Section 1 of the Agreement states:

> <u>Delivery of Acceptable Waste</u>. Republic shall deliver up to the Maximum Volume stated on the first page hereof, if any, and [Gordon's] agrees to accept all Acceptable Waste (as defined below) at its landfill or transfer station indicated on the first page of this Contract (the "Landfill/Transfer Station"). Notwithstanding anything to the contrary set forth in this Contract Republic is not under any obligation to deliver any minimum quantity of Acceptable Waste during any time period. Republic may deliver in excess of the Maximum Volume of Acceptable Waste indicated on the first part of this Contract only upon verbal or written approval from [Gordon's].

*R. 1-1, ¶ 1.* Section 1,"Delivery of Acceptable Waste" provision above, indicates the original contract stated "Republic ***may*** deliver up to the Maximum Volume" and that the provision was amended by the parties to read, "Republic ***shall*** deliver up to the Maximum Volume." (Emphasis supplied) *Id.* Section 4(a) of the Agreement, "Fees," states, "Republic shall pay Gordon's a disposal fee (the 'Disposal Fee') for all Acceptable Waste delivered to and accepted at the Landfill/Transfer station as set forth on the first page of this Contract...." *R. 1-1, ¶ 4(a).*

Gordon's alleges "[t]he [A]greement was modified by the parties for the sole purpose of guaranteeing that Gordon's would, at a minimum, receive 3000 yards of

C/D waste from [BFI] per month for the entire term of the Agreement." *Id. at ¶ 4.* Gordon's further alleges BFI breached the terms of the Agreement by refusing to deliver the minimum yards per month and thereby causing Gordon's to suffer "extreme losses under the Agreement." *Id. at ¶ 5.* Through correspondence dated September 22, 2015, Gordon's made a demand on BFI for all past amounts due, without avail. *Id. at ¶ 6, Exh. B, demand letter.*

Gordon's filed a verified Petition For Breach Of Contract Damages on March 15, 2016 in the Sixteenth Judicial District Court, Iberia Parish, Louisiana. *R. 1-1.* BFI removed this action on May 6, 2016 under 28 U.S.C. § 1332, the Court's diversity jurisdiction. *R. 1.* BFI filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal with prejudice of all of BFI's claims asserted against it.

## II. Standard for Motion to Dismiss

A motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001).  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must accept all well-pleaded facts as true,

and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* The allegations must be sufficient "to raise a right to relief above the speculative level," *Id.*, and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663

4

(U.S.,2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 663-664. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5ᵗʰ Cir.2009)(quoting *Twombly* at 556).

### III. Law And Analysis

The parties do not dispute that Louisiana law applies in interpreting the Agreement.[1] In *Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC*, 112 So.3d 187, 192 (La. 2013), the Supreme Court of Louisiana explained the law applicable to contract interpretation:

> Contracts have the effect of law for the parties and the interpretation of a contract is the determination of the common intent of the parties. The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract. Accordingly, when a clause in a contract is clear and

---

[1] The Agreement provides that Louisiana law applies to contractual disputes. *R. 1, ¶ 7.* Also, the Court's exercise of diversity jurisdiction over this matter requires application of the substantive law of Louisiana.

unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties. However, even when the language of the contract is clear, courts should refrain from construing the contract in such a manner as to lead to absurd consequences. Most importantly, a contract must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance. Moreover, a contract provision that is susceptible to different meanings must be interpreted with a meaning that renders the provision effective, and not with one that renders it ineffective. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.

However, if the "written expression of the common intention of the parties is ambiguous," parol or extrinsic evidence is admissible to interpret the contract. *Campbell v. Melton*, 817 So.2d 69, 75 (La. 2002). "A contract is considered ambiguous on the issue of intent when either it lacks a provision bearing on that issue, the terms of a written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed." *Id*. Ambiguous contractual terms are construed against the drafter of the contract. *Id*.

BFI asserts that the "clear language" of the Agreement "does not require Republic to pay for a minimum monthly volume of waste disposed of at Gordon's facility." Because the Agreement is not ambiguous, BFI contends the Court should

find, as a matter of law, that there is no minimum volume requirement in the Agreement and dismiss Gordon's claims against it.

BFI relies on the second sentence of Section 1 of the Agreement that, "[n]otwithstanding anything to the contrary set forth in this Contract, Republic is not under any obligation to deliver any minimum quality of Acceptable Waste during any time period." BFI maintains that the parties' change from "may" to "shall" in the first sentence of Section 1 applied to "maximum volumes" and has nothing to do with "minimum volumes."

Gordon's argues that the Agreement is ambiguous as to the minimum monthly deliveries of waste. It relies on the first sentence of Section 1 of the Agreement which it contends was amended by the parties to mandate a minimum disposal of waste—"Republic shall deliver up to the Maximum Volume stated on the first page hereof, if any." In its verified Petition, Gordon's alleges, "[t]he agreement was modified by the parties for the sole purpose of guaranteeing that Gordon's would, at a minimum, receive 3000 yards of C/D waste from [BFI] per month for the entire term of the Agreement." Gordon's asserts that because BFI supplied the text of the Agreement, any doubt as to the intent of the parties should be resolved in favor of Gordon's.

The Court must consider the entire Agreement and give effect to all provisions

such that they are not rendered meaningless or given meanings that lead to absurd results the parties could not have intended. While it may be that the common intent of the parties cannot be ascertained from the language employed in the Agreement, Plaintiff's verified Petition alleges that the reason sentence 1 was modified was to insure that Gordon's would receive at least 3000 yards of C/D waste from BFI per month. The Court must accept all of the allegations in the complaint as true for the purposes of deciding BFI's motion. Whether or not the Agreement is ambiguous is an issue left to subsequent discovery and motion practice.

### IV. Conclusion

For the reasons provided in the foregoing, the undersigned finds that Gordon's has sufficiently alleged a claim against BFI for breach of the terms of the Agreement and RECOMMENDS that BFI's Motion To Dismiss be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th  Cir.1996).

THUS DONE AND SIGNED this 15th day of July, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**